**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| 8245 DEEPWOOD, LLC, <br> an Ohio limited liability company, <br> 415 Temple Avenue <br> Painesville, Ohio 44077, <br><br>        Plaintiff, <br><br>    vs. <br><br> CITY OF MENTOR <br> 8500 Civic Center Blvd. <br> Mentor, Ohio 44060, <br><br>        Defendant. <br><br>   Also serve: <br>   DAVE YOST <br>   OHIO ATTORNEY GENERAL <br>   30 East Broad Street <br>   14th Floor <br>   Columbus, Ohio 43215 | CASE NO.: <br><br> JUDGE: <br><br> **COMPLAINT FOR** <br> **DECLARATORY JUDGMENT,** <br> **DAMAGES, AND OTHER RELIEF** <br><br><br> **Jury Trial Demanded** |

For its Complaint, Plaintiff 8245 Deepwood, LLC ("Plaintiff") states as follows:

1.    This is an action for declaratory judgment to declare as unconstitutional certain provisions of the Mentor, Ohio ("City") Planning and Zoning Code ("MPZC"), specifically the City's R-4 "Single Family Residential" zoning district classification and regulations, as applied to the Plaintiff's Property (as defined below) and to the extent it prohibits Plaintiff's proposed use of its Property. To the extent the R-4 zoning district classification deprives Plaintiff of the economically viable use of its Property, Plaintiff also seeks damages and other relief pursuant to

42 U.S.C. §§1983 and 1988.

## JURISDICTION

2.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331 (Federal Question Jurisdiction), 28 U.S.C. §§1343(a)(3) and (4) (Civil Rights), 28 U.S.C §1367 (Supplemental Jurisdiction over State law claims), 28 U.S.C. §§ 2201-2202 (Declaratory Relief), and 42 U.S.C. §§ 1983 and 1988 (Deprivation of Civil Rights).

## PARTIES

3.      Plaintiff is an Ohio limited liability company organized under the laws of the State of Ohio.

4.      The City is a political subdivision of the State of Ohio, located in Lake County.

## VENUE

5.      Venue exists within the jurisdiction of the United States District Court for the Northern District of Ohio, Eastern Division, because all parties and the subject real property  are located within Lake County, Ohio, and the acts of the City alleged below were and continue to be committed within the jurisdiction of the United States District Court for the Northern District of Ohio, Eastern Division.

## COUNT ONE
### (Declaratory Judgment)

6.      The City has a documented and studied need for approximately 1,730 new housing units, including multifamily housing, as set forth in the Mentor Housing Study and Needs Analysis dated July 1, 2024 ("Housing Study"), a copy of which is attached hereto as **Exhibit A**.

7.      Following issuance of the Housing Study, in furtherance and recognition of the need for new housing units that it reflected, and with the encouragement of various City officials, Plaintiff purchased the parcel of land at 8245 Deepwood Boulevard, also known as Lake County Permanent Parcel Number 16-A-005-0-00-004-0 (the "Property"), in the City.  A legal description

2

of the Property is attached hereto as **Exhibit B**.

8.      The Property consists of approximately 12.7 acres of vacant undeveloped land in the City's R-4 "Single Family Residential" zoning district. An aerial picture of the Property (outlined in red) and surrounding areas is below:



Great Lakes Mall

Johnnycake Ridge Road

Deepwood North Apartments

Lake County Board of Developmental Disabilities

Deepwood Condominiums

**Property**

Interstate 90

9.      The purpose of the R-4 zoning district classification is "to provide locations for low density single family development." MPZC §1155.01. As zoned, the Property may be used only for low-density single-family housing at a density of no more than two units per acre and accessory uses that are compatible with and in support of such use, or public institutional uses, and nonprofit institutional uses. At all times, however, Plaintiff intended to develop the Property for a higher density single family residential use, as urged by various City officials, and as called for in the Housing Study.

10. As shown in Paragraph 8 above, the Property is surrounded by multifamily (condominiums and apartments), institutional, and transportation infrastructure uses.

11. To the west, the Property is bounded by the Deepwood Condominiums, a residential development consisting of 170 attached dwelling units on approximately 19 acres. To the east of the Property is land owned by the Lake County Board of Commissioners used for the Lake County Board of Developmental Disabilities. The southern boundary of the Property is adjacent to I-90.

12. The Deepwood Condominiums and Deepwood North Apartments to the north are in the City's R-10 zoning district. The R-10 zoning district regulations allow for single-family homes at a density of up to 10 units per acre.

13. The uses surrounding the Property are fundamentally incompatible with the purpose of the R-4 zoning classification.

14. In light of the incompatibility of the surrounding property with the purpose of the R-4 zoning classification, and the need for housing, including multifamily housing, documented in the Housing Study, Plaintiff intends to develop the Property for 110 single family homes in accordance with the R-10 zoning district regulations (the "Proposed Use").

15. The City's R-4 zoning regulations do not permit the Property to be used for the Proposed Use.

16. Accordingly, in early 2025, Plaintiff requested that the City rezone the Property from R-4 to R-10 to allow for the Proposed Use as set forth in a site development plan which accompanied the request (the "Rezoning Request").

17. On May 22, 2025, pursuant to Section 1137.03 of the Mentor Planning and Zoning Code ("MPZC"), the Rezoning Request was heard by the City Planning Commission. Following

4

a hearing, the Planning Commission voted 5-0 in favor of recommending that Mentor City Council rezone the Property from R-4 to R-10.

18. On June 17, 2025, pursuant to MPZC §1137.06, the Rezoning Request was subjected to a public hearing before the City Council. There was no opposition to the Rezoning Request at the June 17, 2025, hearing.

19. Pursuant to MPZC §1137.07, the City Council was authorized to "adopt, deny, or adopt with modifications the recommendation of the Planning Commission." If City Council adopted the recommendation, the development plan accompanying the Rezoning Request, along with any conditions or amendments, would "become part of [the] rezoning" and be "deemed incorporated by reference into legislation creating the zoning change." *Id.* Said development plan, conditions and amendments would control future development or use of the Property. *Id.*

20. At its meeting on August 19, 2025, the City Council voted unanimously to adopt the Planning Commission's unanimous recommendation that the Rezoning Request be approved, and enacted Ordinance No. 25-O-053 (the "Ordinance") approving the Rezoning Request and rezoning the Property from R-4 to R-10 conditioned upon its development in accordance with the Development Plan attached to the Ordinance, and subject to five specific conditions spelled out in Section 3 of the Ordinance. A copy of the Ordinance with Development Plan is attached hereto as **Exhibit C**.

21. Per MPZC §1137.01, inherent in the City Council's decision to rezone the Property from R-4 to R-10 was an acknowledgement that "the public necessity, convenience, general welfare, or good zoning practices require[d]" the amendment.

22. Pursuant to §3.09(A)(3) of the City's Charter, the unanimously approved Ordinance was submitted to a vote of the electors in the City to be held on November 4, 2025.

23. Despite the unanimous recommendation of the Proposed Use by the Planning

Commission and the unanimous approval of the Ordinance by the City Council, the Ordinance was defeated at the November 4, 2025 election.

24.     The defeat of the Ordinance at the polls neither reflected nor advanced the health, safety, morals or general welfare of the City and was contrary to the Housing Study, the Planning Commission's unanimous recommendation of the Rezoning Request, the City Council's unanimous approval of the Ordinance, and the City Council's inherent acknowledgement in so approving the Ordinance that "the public necessity, convenience, general welfare, or good zoning practices require[d]" the approval of the Rezoning Request and rezoning the Property from R-4 to R-10. (MPZC §1137.01.)

25.     The MPZC includes no zoning district other than the R-10 district that allows for the Proposed Use of the Property.

26.     The continued application to the Property of any zoning classification other than the R-10 zoning classification imposes development standards that are physically unachievable and introduces land uses that are incompatible with surrounding development and broader planning goals. The R-10 district is the only district within the MPZC that can be reasonably applied to the Property while allowing for viable development, compatibility with adjacent land uses, and fulfillment of the City's long-term planning objectives.

27.     The continued application of the R-4 zoning district regulations to the Property is arbitrary, capricious, and unreasonable, and does not advance the health, safety, morals or general welfare of the City and, therefore, is unconstitutional.

28.     The failure of the City to rezone the Property to allow for its Proposed Use as detailed in the Ordinance and its attached Development Plan is arbitrary, capricious, and unreasonable, and fails to advance the health, safety, morals or general welfare of the City and, therefore, is unconstitutional.

29. Given the needs outlined in the Housing Study and the encouragement of Plaintiff by various City officials to purchase and develop the Property for higher density housing, the continued application of the R-4 regulations to the Property and the City's failure to amend the zoning classification to allow for the Proposed Use are outrageous.

30. Plaintiff has a substantive due process right to use its Property free from the application of zoning regulations that are arbitrary, capricious, and unreasonable. By prohibiting Plaintiff from putting its Property to the Proposed Use, the City has deprived Plaintiff of its substantive due process rights under the U.S. and Ohio Constitutions.

## COUNT TWO
### (Damages)

31. The allegations in Paragraphs 1 through 30 of this Complaint are reiterated and incorporated herein by reference.

32. In light of the location and configuration of the Property, the surrounding and nearby land uses, and the infrastructure requirements and construction and development costs, the R-4 zoning classification deprives the Plaintiff of all economically beneficial or productive use of the Property in violation of Plaintiff's substantive due process rights under the Ohio and U.S. Constitutions.

33. In the alternative, based on the economic impact of the R-4 zoning regulations, the extent to which those regulations have interfered with Plaintiff's distinct investment-backed expectations, and the character of the governmental action, the City's failure to allow for the Proposed Use of the Property deprives Plaintiff of its substantive due process rights under the Ohio and U.S. Constitutions.

34. Plaintiff is entitled to damages for the City's deprivation of Plaintiff's substantive due process rights under the Ohio and U.S. Constitutions.

**WHEREFORE,** Plaintiff demands judgment against the City as follows:

1.      A declaration that: (a) the R-4 zoning district classification is arbitrary, capricious, and unreasonable as applied to the Property and does not advance the health, safety, morals or general welfare of the City and, therefore, is unconstitutional; (b) the prohibition of the Proposed Use is arbitrary, capricious, and unreasonable as applied to the Property and does not advance the health, safety, morals or general welfare of the City and therefore is unconstitutional; and (c) the Property may be developed and used in accordance with the Proposed Use.

2.      Damages in an amount to be proven at trial.

3.      An award of reasonable attorney's fees pursuant to 42 U.S.C. §1988.

4.      The costs of this action and such further relief as the Court deems just and equitable.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

Respectfully submitted,

*/s/ Benjamin J. Ockner*
Jordan Berns (0047404)
Benjamin J. Ockner (0034404)
Berns, Ockner & Greenberger, LLC
3201 Enterprise Parkway, Suite 220
Beachwood, Ohio
Phone: (216) 831-8838
Facsimile: (216)464-4489
Email: jberns@bernsockner.com
        bockner@bernsockner.com

*Attorneys for Plaintiff 8245 Deepwood LLC*